# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8024 | **DATE** | 4/25/2003 |
| **CASE TITLE** | Dancho vs. Metropolitan Pier, etc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: there is no genuine issue of material fact on any of the claims plaintiff asserts against defendants, and defendants are entitled to judgment as a matter of law. Defendants' motion for summary judgment is, therefore, granted. Having dismissed the only federal claims in this suit, the Court declines to exercise its supplemental jurisdiction over the state law claims asserted by plaintiffs in Counts I and II of her first amended complaint, which are dismissed without prejudice to refiling in state court. This is a final and appealable order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | APR 28 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 24 |
| ✓ | Copy to judge/magistrate judge. | 03 APR 25 PM 5:24 | | |
| TBK | courtroom deputy's initials | FILED TO Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



APR 28 2003

CASSANDRA DANCHO,

Plaintiff,

v.                                          No. 01 C 8024
                                            Paul E. Plunkett, Senior Judge
METROPOLITAN PIER &
EXPOSITION AUTHORITY
and LEONARD RODRIGUEZ,

Defendants.                                 APR 28 2003

## MEMORANDUM OPINION AND ORDER

Cassandra Dancho has sued the Metropolitan Pier and Exposition Authority ("McPier") and one of its employees, Leonard Rodriguez, for, among other things, violating her constitutional rights. Defendants have filed a Federal Rule of Civil Procedure 56(c) motion for summary judgment on the 42 U.S.C. § ("section") 1983 claims that plaintiff asserts against them. For the reasons set forth below, the motion is granted.

### Facts

Defendant McPier owns and operates Navy Pier in Chicago. (Defs.' LR 56.1(a)(3) Stmt. ¶ 2.) Defendant Rodriguez is employed by McPier as a security guard. (Id. ¶ 3.)

Plaintiff spent the evening of May 3, 1999 at Navy Pier with some friends. (Id. ¶ 8.) They left the Pier sometime after 10:00 p.m. and walked through nearby Olive Park. (Id. ¶¶ 7-10.) While they were in the park, plaintiff and her friends were attacked by a group of people. (Id. ¶ 9.)

Olive Park is patrolled by Navy Pier security officers. (Id. ¶ 12.) Rodriguez and Charles Volanti and John Bitoy, who are also Navy Pier security officers, responded to the fight in Olive Park. (Id. ¶¶ 11, 15.)

At this point the parties' stories diverge. Rodriguez says the flashlight he was carrying was knocked out of his hand as he tried to break up the fight and was picked up by a man named Vibencio Convegra. (Id. ¶¶ 17, 19, 22, 24.) Convegra threw the flashlight into the crowd, Rodriguez says, hitting plaintiff. (Id. ¶¶ 19, 22-24.)

Plaintiff says that Rodriguez intentionally hit her with the flashlight. (Pls.' LR 56.1(b)(3)(A) Stmt. ¶ 19.) She claims that his action violated her constitutional rights and seeks to hold both Rodriguez and McPier liable for those violations.

## The Legal Standard

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. Id.

## Discussion

In Count III of her first amended complaint, plaintiff alleges that Rodriguez violated her Fourth Amendment right to be free from unreasonable seizures. In Counts IV and V, she alleges that McPier is liable for his actions because of its failure to train Rodriguez and under the doctrine of *respondeat superior*.

Count V can be easily dispatched. McPier cannot be held liable on a section 1983 claim under the doctrine of *respondeat superior*. Monell v. Department of Soc. Servs., 436 U.S. 658, 694 (1978). Thus, McPier is entitled to judgment on Count V.

Plaintiff fares no better with Counts III and IV. Those claims, which are premised on Rodriguez's alleged use of excessive force, are only viable if there is some evidence to suggest that its was Rodriguez who struck plaintiff. Plaintiff says that the deposition testimony of Melissa Almaguer, a witness to the incident, provides the necessary evidence. (See Pl.'s LR 56.1(b)(3)(A) Stmt. ¶ 19.) Almaguer testified that she saw a Navy Pier security officer, who she "kn[e]w . . . was Hispanic," hit plaintiff with a flashlight. (See App. Defs.' LR 56.1(a)(3) Stmt., Ex. 12, Almaguer Dep. at 46-48, 51-53.) Almaguer did not, however, identify the officer by name or explain why she concluded that he was Hispanic. (Id.) Moreover, plaintiff has offered no evidence about the three security officers who responded to the fight – their ethnicity or appearance, for example – that would support the inference that Almaguer saw Rodriguez, not Volanti or Bitoy, hit plaintiff. Without that evidence, it is not reasonable to conclude from Almaguer's testimony that Rodriguez is the officer she saw strike plaintiff.

Plaintiff says that Almaguer had to be referring to Rodriguez because he was "the only law enforcement officer on the scene [who] had a flashlight out." (Pl.'s Resp. at 1.) The record, however, does not support that contention. Though Volanti testified that he did not have a flashlight

3

that night, (App. Defs.' LR 56.1(a)(3) Stmt., Ex. 11, Volanti Dep. at 11), he said he did not know whether Bitoy had one. (Id. at 14.) Moreover, Rodriguez admitted that he had a flashlight, but said he did not know whether anyone else did. (Id., Ex. 10, Rodriguez Dep. at 13, 15.) In fact, there is no evidence from anyone who was on the scene that night, including Bitoy, to suggest that Bitoy did not have flashlight. Absent such evidence, the record does not support the inference that Rodriguez was the only security officer with a flashlight.

In short, the record contains no evidence from which we can infer that defendant Rodriguez struck plaintiff with his flashlight. Consequently, Rodriguez and McPier are entitled to judgment on the section 1983 excessive force and failure to train claims that plaintiff asserts against them.

## Conclusion

For the reasons set forth above, there is no genuine issue of material fact on any of the claims plaintiff asserts against defendants, and defendants are entitled to judgment as a matter of law. Defendants' motion for summary judgment is, therefore, granted. Having dismissed the only federal claims in this suit, the Court declines to exercise its supplemental jurisdiction over the state law claims asserted by plaintiffs in Counts I and II of her first amended complaint, which are dismissed without prejudice to refiling in state court. This is a final and appealable order.

**ENTER:**

UNITED STATES DISTRICT JUDGE

DATED: 4/25/03